USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1951

 UNITED STATES,

 Appellee,

 v.

 BIENVENIDO MANZUETA,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Mary M. Lisi, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lipez, Circuit Judge.
 
 
 

 Albert B. West on brief for appellant.
 Zechariah Chafee with whom Margaret E. Curran, United States
Attorney, and Kenneth P. Madden, Assistant United States Attorney,
were on brief for appellee.

February 12, 1999

 
 

 BOUDIN, Circuit Judge. Bienvenido Manzueta was indicted
in August 1997 for possession with intent to distribute cocaine. 
21 U.S.C. 841(a)(1), (b)(1)(B). In November 1997, Manzueta pled
guilty pursuant to a written plea agreement, admitting that the
substance he had possessed was 57.9 grams of crack cocaine. 
Thereafter Manzueta was sentenced to 70 months' imprisonment and 5
years' supervised release and now appeals.
 At sentencing, Manzueta argued to the district judge that
cocaine base--of which crack is the most prominent example--had
never been scheduled as a controlled substance as provided by 21
U.S.C. 811-12. However, "cocaine" is specifically scheduled as
a controlled substance in section 812, sched. II(a)(4). As we
recently explained, crack cocaine (a rock-like form) is a type of
cocaine base chemically derived from cocaine hydrochloride
(powdered cocaine) which is itself derived from a natural form of
cocaine base extracted from cocoa leaves. United States v.
Robinson, 144 F.3d 104, 108 (1st Cir. 1998).
 Whether as a base or a salt, cocaine is covered by the
statute; indeed, natural cocaine base--the starting product--shares
the same chemical make-up as crack. See Robinson, 144 F.3d at 108. 
The circuit case law is uniform in holding that cocaine base falls
within the statutory definition of cocaine. United States v.
Sloan, 97 F.3d 1378, 1381-82 (11th Cir. 1996), cert. denied, 117 S.
Ct. 2459 (1997); United States v. Deisch, 20 F.3d 139, 150-51 (5th
Cir. 1994). Nothing more needs to be said on this point.
 Cocaine has been listed as a controlled substance since
the passage of the original Controlled Substances Act in 1970. 
Pub. L. No. 91-513, 202, 84 Stat. 1247. In 1986, Congress
amended the statute by introducing separate and far more severe
penalties for "cocaine base." 21 U.S.C. 841(b)(1)(A)(iii),
(b)(1)(B)(iii). Accordingly, the statute now imposes a penalty for
"cocaine" and a separate and higher penalty for "cocaine base." 
Since cocaine base is itself a form of cocaine, Manzueta argues on
appeal that on that premise he should be entitled to the lower
penalty under the rule of lenity.
 Although the government argues that this claim has been
waived because not fully developed, see United States v. Zannino,
895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990), we
think it better to dispose of the claim on the merits to avoid its
renewal. The rule of lenity is intended for genuine ambiguity. 
Reno v. Koray, 515 U.S. 50, 64-65 (1995). We have every reason to
think, and Manzueta has provided no basis for doubting, that
Congress meant exactly what it said in 1986 in providing that
distributors of crack should be subject to an increased penalty.
 The statutory language specifically imposes a higher
penalty for cocaine base, and the legislative history makes clear
that crack was the target. Manzueta's contrary position on this
issue has been rejected firmly by other circuits. E.g., United
States v. Fields, 113 F.3d 313, 324-25 (2d Cir.), cert. denied, 118
S. Ct. 434 (1997); United States v. Sloan, 97 F.3d at 1382; United
States v. Fisher, 58 F.3d 96, 98-99 (4th Cir.), cert. denied, 516
U.S. 927 (1995). We join these circuits and rest on their
reasoning.
 At oral argument, counsel for Manzueta eloquently argued
that penalties for crack cocaine are disproportionate and that the
court should be ready to take every reasonable opportunity that
would lead to a sentence for crack cocaine closer or equal to that
that Congress has provided for powdered cocaine. Whether the ratio
is fair or not, Congress has spoken with ample clarity, and the
constitutional challenge to its decision has been regularly
rejected. See, e.g., Sloan, 97 F.3d at 1383-84; Fisher, 58 F.3d at
99-100.
 Affirmed.